**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NOEMI MEDINA, *individually and on behalf of those similarly situated,*<br><br><br>Plaintiffs,<br><br>v.<br><br>NBT BANCORP, INC.,<br><br><br>Defendant | No:<br><br>COMPLAINT – CLASS ACTION<br><br>INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME UNDER THE CONNECTICUT MINIMUM WAGE ACT AND OVERTIME LAW<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME UNDER THE NEW YORK LABOR LAW<br><br>JURY TRIAL DEMANDED |

**<u>INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT</u>**

Named Plaintiff Noemi Medina (hereinafter collectively referred to as "Named Plaintiff"), individually and on behalf of all those similarly situated, by and through undersigned counsel, hereby complain as follows against Defendant NBT Bancorp, Inc. (hereinafter referred to as "Defendant").

**<u>INTRODUCTION</u>**

1.      Named Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law, and the Connecticut Minimum Wage Act and Overtime Law ("CT Wage Laws". Named Plaintiff asserts Defendant failed to pay Named Plaintiff and those similarly situated all owed overtime wages in violation of the FLSA, NYLL, and CT Wage Laws.

## PARTIES

2.    The foregoing paragraphs are incorporated herein as if set forth in full.

3.    Named Plaintiff is an adult individual who worked for Defendant in New York and Connecticut.

4.    Defendant is a company doing business in New York, Connecticut, and Pennsylvania at various locations.

5.    At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

6.    The foregoing paragraphs are incorporated herein as if set forth in full.

7.    This Court may properly maintain personal jurisdiction over Defendant because Defendant has consented to same pursuant 42 Pa. Cons. Stat. § 5301(a)(2)(i). Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

8.    The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA. This Court has supplemental jurisdiction over related New York and Connecticut state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

9.    Venue is properly laid in this judicial district pursuant to 42 Pa.C.S. § 5301, Defendant has consented to personal jurisdiction within this state by registering to do business within same.

**COLLECTIVE ACTION ALLEGATIONS**

10.     In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), individually and on behalf of individuals whom Defendant currently or formerly employed as Tellers, Bankers, and in other non-exempt, hourly positions in any state excluding Pennsylvania, who, at any point from May 21, 2021 through the present, received wages from Defendant for a workweek during which they worked more than 40 hours and were subject to Defendant's pay practices and policies described herein regarding time punch rounding (hereinafter the members of this putative class are referred to as "Collective Plaintiffs").

11.     Named Plaintiff also seeks to represent a subcollective of all Collective Plaintiffs who earned bonuses during workweeks in which they also worked more than 40 hours (the members of this putative subcollective are referred to as "Bonus Collective Plaintiffs").

12.     Named Plaintiff's claims are typical of the claims of the Collective Plaintiffs because Named Plaintiff, like all Collective Plaintiffs, was a non-exempt, hourly employee of Defendant within the last three years and subject to the pay practices and policies described herein whom Defendant failed to pay at least one and one-half times the regular rate for all hours worked more than 40 hours in a workweek as required by the FLSA.

13.     There are numerous similarly situated current and former employees of Defendant whom Defendant failed to pay all earned overtime wages in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

14.     Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

15.     Therefore, Named Plaintiff should be permitted to bring this action as a collective action individually and on behalf of those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS
### (Connecticut Minimum Wage Act and Overtime Wage Law)

16.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

17.     Named Plaintiff seeks to represent a class of all persons presently and formerly employed as hourly employees of Defendant who worked in Connecticut for Defendant as tellers and/or in other non-exempt, hourly positions who, at any point from May 21, 2021 through the present, received wages from Defendant for a workweek during which they worked more than 40 hours and were subject to Defendant's pay practices and policies described herein regarding time punch rounding and the requirement to spend time on Defendant's premises off-the-clock and without compensation (the members of this putative class are referred to as "CT Class Plaintiffs").

18.     Named Plaintiff further seeks to represent a subclass of all Class Plaintiffs who earned bonuses during workweeks in which they also worked more than 40 hours in a workweek (the members of this putative subclass are referred to as "Bonus CT Class Plaintiffs").

19.     The class and subclasses are so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of CT Class Members is more than forty (40) individuals.

4

20.     Named Plaintiff's claims are typical of the claims of the CT Class Plaintiffs, because Named Plaintiff like all CT Class Plaintiffs, were subject to the same unlawful wage policies and practices of Defendant.

21.     Named Plaintiff will fairly and adequately protect the interests of the putative class/collective because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

22.     Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the entire class and has refused to end these policies.

23.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

24.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant

25.    Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: 1) whether Defendant maintained a timeclock rounding policy that resulted in Defendant paying Named Plaintiff and NY Class Plaintiffs for fewer hours than they actually worked in any workweek; 2) whether Defendant failed to include bonuses paid to Named Plaintiff and Bonus CT Class Plaintiffs in their regular rates when calculating owed overtime wages.

## CLASS ACTION ALLEGATIONS
### (New York Labor Law)

26.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

27.    Named Plaintiff seeks to represent a class of all persons presently and formerly employed as hourly employees of Defendant who worked in New York for Defendant as tellers and/or in other non-exempt, hourly positions who, at any point from May 21, 2018 through the present, received wages from Defendant for a workweek during which they worked more than 40 hours and were subject to Defendant's pay practices and policies described herein regarding time punch rounding (the members of this putative class are referred to as "NY Class Plaintiffs").

28.    Named Plaintiff further seeks to represent a of all NY Class Plaintiffs who earned bonuses during workweeks in which they also worked more than 40 hours in a workweek (the members of this putative subclass are referred to as "Bonus NY Class Plaintiffs").

29.    The class and subclasses are so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of NY Class Members is more than forty (40) individuals.

6

30.     Named Plaintiff's claims are typical of the claims of the NY Class Plaintiffs, because Named Plaintiff like all NY Class Plaintiffs, were subject to the same unlawful wage policies and practices of Defendant.

31.     Named Plaintiff will fairly and adequately protect the interests of the putative class/collective because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

32.     Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the entire class and has refused to end these policies.

33.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

34.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant

35. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: 1) whether Defendant maintained a timeclock rounding policy that resulted in Defendant paying Named Plaintiff and NY Class Plaintiffs for fewer overtime hours than they actually worked in any workweek; 2) whether Defendant failed to include bonuses paid to Named Plaintiff and Bonus NY Class Plaintiffs in their regular rates when calculating owed overtime wages.

## FACTUAL BACKGROUND

36. The foregoing paragraphs are incorporated herein as if set forth in full.

37. From in or around August 2016 through June 2024, Defendant employed Named Plaintiff as an hourly employee.

38. Named Plaintiff worked at Defendant's retail branches in Millerton, New York as well as Charlton, Connecticut.

39. Throughout Named Plaintiff's employment, Defendant paid her an hourly wage.

40. Collective Plaintiffs, CT Class Plaintiffs and NY Class Plaintiffs (hereinafter collectively referred to as "Class Plaintiffs") worked/work for Defendant as Tellers, Bankers, and/or in other non-exempt, hourly positions.

41. Defendant paid/pay Class Plaintiffs hourly wages.

42. On multiple occasions, Named Plaintiff worked more than 40 hours in a workweek according to the hours recorded by Defendant.

43. During the period from May 21, 2021 through the present, each Class Plaintiff worked more than 40 hours during at least one workweek according to the hours recorded by Defendant.

8

**Unpaid Off the-Clock Work**

44. The foregoing paragraphs are incorporated herein as if set forth in full.

45. Defendant required/requires Named Plaintiff and Class Plaintiffs to clock into its timekeeping system using a computer inside its retail branches to go "on the clock" and begin getting paid for hours worked.

46. Accordingly, Defendant did/does not consider any of the time Named Plaintiff and Class Plaintiffs spent/spend prior to pressing a button to clock in to be compensable hours worked.

47. However, Named Plaintiff and Class Plaintiffs spent/spend time prior to clocking in that is compensable "hours worked."

48. Such time includes the time from when Named Plaintiff and Class Plaintiffs arrived at their branches to the time they pressed the clock-in button.

49. Such time includes walking from their vehicles or otherwise on Defendant's property to the entrance door of the branch and walking to the computer inside the branch where they clock in (this time is referred to as "walking time").

50. Such time also includes time spent accessing the computer program to clock in, which may include booting up or waking up the computer, logging into the computer, opening the timekeeping program, and logging into the timekeeping program.

51. Such time also includes performing specific security procedures[1], both outside and inside the branch, that Defendant requires to be performed prior to clocking into its timekeeping system.

---

[1] Named Plaintiff has opted not to explicitly list each security procedure which Defendant required/requires because doing so could potentially expose Defendant to security risks. Should

52.    At the end of each workday, Defendant required/requires Named Plaintiff and Class Plaintiffs to clock out of its timekeeping system.

53.    Defendant did/does not consider the time Named Plaintiff and Class Plaintiffs spent/spend after clocking out to be compensable hours worked.

54.    However, Named Plaintiff and Class Plaintiffs spent/spend time after clocking out that is compensable "hours worked."

55.    Such time includes walking time from the computer used to clock out to their vehicles or otherwise on Defendant's property as they leave.

56.    Such time also includes performing specific security procedures, both outside and inside the branch, that Defendant requires to be performed after clocking out of its timekeeping system.

### Defendant's Failure to Pay Wages for Off-the-Clock Work

57.    The foregoing paragraphs are incorporated herein as if set forth in full.

58.    Defendant agreed to pay Named Plaintiff and Class Plaintiffs their hourly wages for all hours worked.

59.    However, Defendant paid/pay Named Plaintiff and Class Plaintiffs only for the time it tracked in its timekeeping system.

60.    Accordingly, Defendant failed/fails to pay Named Plaintiff and Class Plaintiffs for all hours worked.

61.    Much of this uncompensated time consists of time worked more than 40 hours in a workweek.

---

this Court or Defendant seek Named Plaintiff to provide more detailed information regarding the pre-shift activities, Named Plaintiff is prepared to do so.

62.     Accordingly, by failing to pay Named Plaintiff, Collective Plaintiffs, and CT Class Plaintiffs all hours worked, Defendant failed/fails to pay them at least one and one-half times their regular rates for all hours worked more than 40 hours in a worked.

## Unlawful Timeclock Rounding

63.     The foregoing paragraphs are incorporated herein as if set forth in full.

64.     Defendant utilized/utilizes a computerized system that tracks the exact time (accurate to 1 minute or less) an employee clocks in and clocks out of work.

65.     Even though Defendant maintained/maintains a system that records, to the minute, the time an employee clocks in and clocks out, Defendant utilized/utilizes a rounding system in computing earned wages that rounds to the closest quarter-hour.

66.     Accordingly, if an employee clocks in prior to their shift start time and the time-tracking system rounds their clock-in time forward to the shift start time, Defendant did/does not compensate them for time that was lost due to the rounding.

67.     Likewise, if an employee clocks out after their shift end time and the time-tracking system rounds their clock-out time backward to the shift end time, Defendant did/does not compensate them for time that was lost due to the rounding.

68.     Defendant's time-rounding practice cost Named Plaintiff and each Class Plaintiff earned overtime hours during at least one workweek when the hours lost during the workweek due to the rounding practice is compared to any time gained due to same.

## Defendant's Unlawful Regular Rate Calculation

69.     The foregoing paragraphs are incorporated herein as if set forth in full.

11

70.     Periodically, Defendant paid non-discretionary bonuses to Named Plaintiff, Bonus Collective Plaintiffs, Bonus CT Class Plaintiffs, and Bonus NY Class Plaintiffs (collectively "Bonus Class Plaintiffs") based on performance metrics.

71.     Named Plaintiff and each Bonus Class Plaintiff earned said bonuses during at least one workweek when they also worked more than 40 hours in a workweek.

72.     Defendant failed to include said bonuses in the regular rates of Named Plaintiff and Bonus Class Plaintiffs when calculating their earned overtime wages.

73.     Accordingly, Defendant failed to pay Named Plaintiff and Bonus Class Plaintiffs at least one and one-half times their regular rates for hours worked more than 40 hours in a workweek independent of Defendant's other failures to pay all overtime wages earned alleged above.

74.     The aforementioned conduct has caused Named Plaintiff and Class Plaintiffs to suffer damages.

**COUNT I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Wages)**
**Named Plaintiff and Collective Plaintiffs v. Defendant)**

75.     The foregoing paragraphs are incorporated herein as if set forth in full.

76.     At all times relevant herein, Defendant is/was an employer within the meaning of the FLSA.

77.     At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

78.     At all times relevant herein, Named Plaintiff and Collective Plaintiffs were/are employed with Defendant as "employees" within the meaning of the FLSA.

12

79.     Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked more than 40 hours in a workweek.

80.     Defendant's violations of the FLSA include, but are not limited to, not paying Named Plaintiff and Collective Plaintiffs earned overtime wages for all overtime hours actually worked and failing to include bonuses in their regular rates.

81.     Defendant's conduct in failing to pay Named Plaintiff and Collective Plaintiffs properly under the FLSA was and is willful and was not based upon any reasonable interpretation of the law.

82.     As a result of Defendant's unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

**COUNT II**
**Violations of the Connecticut Minimum Wage Act ("CMWA") and the Connecticut Overtime Wage Law "COWL") Conn. Gen. Stat. § 31-76c**
**(Failure to Pay Overtime Wages For Hours Worked Prior to Clocking In And After Clocking Out)**
**(Named Plaintiff and CT Class Plaintiffs v. Defendant)**

83.     The foregoing paragraphs are incorporated herein as if set forth in full.

84.     At all times relevant herein, Defendant was and continues to be an employer within the meaning of the CMWA and the COWL.

85.     At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and CT Class Plaintiffs.

86.     At all times relevant herein, Named Plaintiff and CT Class Plaintiffs were/are employed with Defendant as "employees" within the meaning of the CMWA and the COWL.

87.     Under the COWL, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked more than 40 hours in workweek.

13

88.     Under the CMWA, an employer must pay an employee all owed wages, including overtime wages.

89.     Defendant's conduct in failing to pay Named Plaintiff and CT Class Plaintiffs all overtime wages owed for hours worked prior to clocking in and after clocking out violated the COWL and the CMWA.

90.     Defendant's conduct in failing to properly pay Named Plaintiff and CT Class Plaintiffs was/is not in good faith, was/is willful, and was/is not based upon any reasonable interpretation of the law.

91.     As a result of Defendant's unlawful conduct, Named Plaintiff and CT Class Plaintiffs have suffered damages as set forth herein.

**COUNT III**
**Violations of the Connecticut Minimum Wage Act  ("CMWA") and the Connecticut Overtime Wage Law "COWL") Conn. Gen. Stat. § 31-76c**
**(Failure To Pay All Owed Overtime Wages Due To Unlawful Rounding)**
**(Named Plaintiff and CT Class Plaintiffs v. Defendant)**

92.     The foregoing paragraphs are incorporated herein as if set forth in full.

93.     Defendant's conduct in failing to pay Named Plaintiff and CT Class Plaintiffs at least one and one-half times their regular rate for all hours worked more than 40 hours in a workweek due to its time-rounding policy violated the CMWA and the COWL.

94.     Defendant's conduct in failing to properly pay Named Plaintiff and OTC Class Plaintiffs was/is not in good faith, was/is willful, and was/is not based upon any reasonable interpretation of the law.

95.     As a result of Defendant's unlawful conduct, Named Plaintiff and OTC Class Plaintiffs have suffered damages as set forth herein.

14

**COUNT IV**
**Violations of the Connecticut Minimum Wage Act ("CMWA") and the Connecticut**
**Overtime Wage Law "COWL") Conn. Gen. Stat. § 31-76c**
**(Failure To Pay All Owed Overtime Wages Due To Unlawful Regular Rates)**
**(Named Plaintiff and Bonus CT Class Plaintiffs v. Defendant)**

96.    The foregoing paragraphs are incorporated herein as if set forth in full.

97.    Defendant's conduct in failing to pay Named Plaintiff and Bonus CT Class Plaintiffs at least one and one-half times their regular rate for all hours worked more than 40 hours in a workweek due to its failure to include bonuses in their regular rates violated the CMWA and the COWL.

98.    Defendant's conduct in failing to properly pay Named Plaintiff and Bonus CT Class Plaintiffs was/is not in good faith, was/is willful, and was/is not based upon any reasonable interpretation of the law.

99.    As a result of Defendant's unlawful conduct, Named Plaintiff and Bonus CT Class Plaintiffs have suffered damages as set forth herein.

**COUNT V**
**Violations of the New York Labor Law (NYLL)**
**(Failure To Pay All Owed Overtime Wages Due To Unlawful Rounding)**
**(Named Plaintiff and NY Class Plaintiffs v. Defendant)**

100.    The foregoing paragraphs are incorporated herein as if set forth in full.

101.    At all times relevant herein, Defendant was and continues to be an employer within the meaning of the NYLL.

102.    At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and NY Class Plaintiffs.

103.    At all times relevant herein, Named Plaintiff and NY Class Plaintiffs were/are employed with Defendant as "employees" within the meaning of the NYLL.

15

104. Under the NYLL, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked more than 40 hours in workweek.

105. Defendant's conduct in failing to pay Named Plaintiff and NY Class Plaintiffs at least one and one-half times their regular rate for all hours worked more than 40 hours in a workweek due to its time-rounding policy violated the NYLL.

106. Defendant's conduct in failing to properly pay Named Plaintiff and NY Class Plaintiffs was/is not in good faith, was/is willful, and was/is not based upon any reasonable interpretation of the law.

107. As a result of Defendant's unlawful conduct, Named Plaintiff and NY Class Plaintiffs have suffered damages as set forth herein.

**COUNT VI**
**<u>Violations of the New York Labor Law (NYLL)</u>**
**(Failure To Pay All Owed Overtime Wages Due To Unlawful Regular Rates)**
**(Named Plaintiff and Bonus CT Class Plaintiffs v. Defendant)**

108. The foregoing paragraphs are incorporated herein as if set forth in full.

109. Defendant's conduct in failing to pay Named Plaintiff and Bonus NY Class Plaintiffs at least one and one-half times their regular rate for all hours worked more than 40 hours in a workweek due to its failure to include bonuses in their regular rates violated the NYLL.

110. Defendant's conduct in failing to properly pay Named Plaintiff and Bonus NY Class Plaintiffs was/is not in good faith, was/is willful, and was/is not based upon any reasonable interpretation of the law.

111. As a result of Defendant's unlawful conduct, Named Plaintiff and Bonus NY Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Class Plaintiffs pray that this Court enter an Order providing that:

A.    Defendant is to be prohibited from continuing to maintain the illegal policy, practice or custom in violation of state law;

B.    Defendant is to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings;

C.    Named Plaintiff and Collective Plaintiffs are to be awarded liquidated damages under the FLSA in an amount equal to the actual damages in this case;

D.    Named Plaintiff and CT Class Plaintiffs are to be awarded liquidated damages under the Connecticut Wage Laws;

E.    Named Plaintiff and NY Class Plaintiffs are to be awarded liquidated damages under the Connecticut Wage Laws

F.    Named Plaintiff and CT and NY Class Plaintiffs are to be awarded prejudgment interest at the applicable legal rate;

G.    Named Plaintiff and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

H.    Named Plaintiff and Class Plaintiffs are to be awarded any and all other equitable and legal relief as the Court deems appropriate;

I.    Named Plaintiff's and Class Plaintiffs' claims are to receive a trial by jury.

Respectfully Submitted,

*/s/ Matthew D. Miller*
Matthew D. Miller, Esq.

Date: June 18, 2026